No. 50340.—Protests 909732–G, etc., of Dickoff Gordon & Jacobson et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

No. 50341.—Protests 909736–G, etc., of Winograd Bros., Inc., et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

BEFORE THE THIRD DIVISION, JULY 5, 1945

No. 50342.—Protest 90530–K of Ahronheim & Co. (San Francisco).

EKWALL, Judge: It is claimed in this case that countervailing duty was illegally assessed, the allegation being that "no bounty, grant, or allowance was made within the meaning of section 303," Tariff Act of 1930. Upon what merchandise the duty was levied the protest does not state, but from the statements of importer's counsel, which constituted the entire proceedings when the case was called for hearing at the port of San Francisco, we learn that he had in mind a certain item of 172½ pounds of rayon specified on the invoice. There has been no evidence introduced in support of the protest, there is no report from the collector stating his official action, and if said collector transmitted any memorandum or other communication to the Assistant Attorney General, such as is contemplated by article 854 (b), Customs Regulations of 1937, in effect at the time of this importation, it is not before the court. Therefore, the protest is before us without any proof whatever in support of the claims made, for which reason it must inevitably be overruled, unless there is some evidence manifest on the face of the papers that the collector has erred.

We have searched the official papers, particularly the invoice, in an attempt to insure the importer of the benefit of whatever evidence is contained in said papers, and find on page 4 of the invoice the following item:

Duty paid on 172½ lbs Rayon @ 6d. per lb. =£4. 6. 3. Drawback received on 172½ lbs Rayon @ 1=/per lb. = £8: 12. 6

Other notations on the invoice (the author of which is not disclosed) suggest that countervailing duty was assessed on 172½ pounds of rayon at 5–69/100 pence per pound or £4–1–10. These notations are checked in red ink and the word "Bounty" is written alongside in red ink, below which appears, also in red ink, "T. D. 47502 (1)."

Counsel for the plaintiff stated at the hearing that it is his contention that the invoice, the entry, and the classification of the merchandise show that it was not fabrics as described in said T. D. 47502 (1) but articles and therefore countervailing duty was improperly imposed.